Frederic G. Ludwig, III (CA Bar No. 205332)
eric.ludwig@ludwigiplaw.com
Andrew J. Kubik (CA Bar No. 245902)
andrew.kubik@ludwigiplaw.com
LUDWIG, APC
12463 Rancho Bernardo Road, No. 532
San Diego, California 92128
Telephone: 619-929-0873

Attorneys for Plaintiff THE SLIDING DOOR COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SLIDING DOOR COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GLASS DOOR COMPANY, INC., d/b/a DOORS22, a Florida corporation,<br><br>Defendant. | Case No. 2:22-cv-07500-MCS-MAA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR A TWO-WEEK EXTENSION TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Mark c. Scarsi |

Plaintiff The Sliding Door Company ("TSDC" or "Plaintiff") respectfully submits this Opposition to Defendant's The Glass Door Company's ("Doors22" or "Defendant") *Ex Parte* Application for A Two-Week Extension to Respond to Plaintiff's Motion for Preliminary Injunction.

A request for preliminary injunctive relief is based upon the notion of exigency, which is precisely the case with Sliding Door's pending motion; a two-week delay in deciding the issue would unfairly prejudice Sliding Door and allow Doors22 to continue selling infringing products. No doubt, Plaintiff and Plaintiff's counsel empathize with Mr. Doroshow and his treatment of his medical condition. However, it cannot be used as leverage for Defendant to gain an improper advantage over Plaintiff. As such, this Court should deny and Defendant's *Ex Parte* request.



There was no delay by Sliding Door in taking action against Doors22. Sliding Door first learned of Doors22's infringement of its products in late September 2022. Declaration of Sheryl Hai-Ami ("Hai-Ami Decl.") at ¶ 6. Thereafter, Sliding Door filed its initial complaint in October 2022, and substituted new counsel at the end of March 2023. Dkt. ## 35, 37. New counsel acted swiftly in getting caught up on the matter, developing a strategy, and filing an amended complaint that added a claim for patent infringement on April 12, 2023. Dkt. # 40 ("FAC"). This action was then transferred from Judge Wright to Judge Scarsi and scheduled anew. Dkt. ## 41, 43, 44, 47. Defendant only responded to the FAC on May 11, 2023. Dkt. # 48. Plaintiff filed its Motion for Preliminary Injunction ("Motion"), on May 12, 2023, just 30 days after filing the FAC. Dkt. # 53. Plaintiff has been diligent in seeking injunctive relief.

Defendant has ample legal resources to respond to Sliding Door's Motion without an extension of time. Defendant is represented by Fox Rothschild, a law firm with 1,000 attorneys and 29 offices around the country.[1] Defendant has at least three attorneys working on this matter from offices in Los Angles and Pittsburgh. Dkt. # 54-2 Ex. B. While Mr. Doroshow may be the "lead attorney," it is highly unlikely that he will be taking the laboring oar in responding to Plaintiff's Motion. Instead, as is common practice, he will be giving direction to junior members of his team who will then oppose the Motion, the same way this *Ex Parte* was prepared and filed while Mr. Doroshow was undergoing treatment this week. Defendant has more-than-adequate resources to timely respond to Plaintiff's motion.

As Defendant's own evidence makes clear, and contrary to Mr. Doroshow's own factual assertions, he did not make his cancer treatment known to Plaintiff on May 5, 2023, when he sought a one-week extension to respond to discovery. Indeed, Mr. Doroshow simply stated that "I am having a <u>medical treatment</u> for the <u>next week</u>." Dkt. # 54-2 Ex. B. This is very different from "I informed Plaintiff's counsel a week and a half ago, before they filed their motion, [that] have been diagnosed with

---

[1] See https://www.foxrothschild.com/

cancer, and, to treat this condition, have additional radiation treatments scheduled for this week, the week of May 15, 2023, at UCLA." Dkt. # 54-2 ¶ 3. He did nothing of the kind. More still, Mr. Doroshow falsely asserts that "[b]oth Plaintiff and its counsel were previously aware of my medical condition and scheduled radiation treatments, since I informed them of these circumstances a week and a half ago in seeking a short extension to Plaintiff's Document Requests." *Id.* ¶ 5. Again, he made no mention of cancer or any treatments beyond the week of May 5, 2023. Again, as Defendant's own evidence attests, Plaintiff and its counsel only became aware of Mr. Doroshow's cancer radiation treatment scheduled for the week of May 15 *after* Plaintiff filed its Motion, when Mr. Doroshow emailed Plaintiff's counsel on May 14. Dkt. # 54-2 Ex. A. Therefore, Defendant's contention that Plaintiff somehow timed the filing of its Motion to take advantage of Mr. Doroshow's unavailability is unsupported by the facts and utterly false. [2]

Defendant also takes liberties with the facts regarding Plaintiff's knowledge of Defendant's extensive infringement. In a tacit admission of copying and infringement, Defendant suggests that Plaintiff should have been aware of its infringement long ago because of how obvious the copying is. Dkt. # 54-1 at 2-3. However, it is not that simple. Plaintiff was aware of Defendant's copying of its images (which Defendant had previously agreed to stop using), but only learned of its blatant patent infringement more recently. Hai-Ami Decl., ¶6. Even so, Defendant's argument cuts against it. Given the litigation history between Doors22 and Sliding Door, Doors22 should have anticipated the Motion and be prepared to

---

[2] Attorneys who anticipate unavailability that will impact their ability to timely respond to filings or the court's directives have the option of filing notices of unavailability, apprising all parties and the court of the dates of their unavailability. Mr. Doroshow has not done so. Going forward, it would be beneficial for Mr. Doroshow to make his unavailability know further in advance. Moreover, given Mr. Doroshow's condition and its impact on his availability, it is imperative that the parties reach an understanding about how Mr. Doroshow's treatment will be handled during the remainder of this case, so that a fair and timely resolution can be reached.

1   respond pursuant to the schedule set by the Local Rules.

2        As declared in support of its Motion, "Doors22's aggressive and pervasive
3   marketing of infringing products presents an exigent threat to Sliding Door. The
4   company is suffering lost business and goodwill, as a result." Dkt. # 53-3, ¶ 29.
5   Doors22 should not be allowed to unfairly leverage the medical condition of just one
6   of its lawyers into an advantage for itself at the continued expense of Plaintiff.
7   Moreover, "Sliding Door will be prejudiced by the two-week extension of time to
8   respond to the pending motion for preliminary injunction, as requested by Doors22.
9   Such prejudice would be due to Doors22's continued sale of infringing products
10  through a growing online distribution network, which jeopardizes the very existence
11  of Sliding Door, because of lost sales and revenue."  Hai-Ami Decl., ¶¶ 8.

12       For the foregoing reasons, Defendant's *Ex Parte* should be denied, and in
13  fairness to Plaintiff and this Court, Defendant's counsel should be required to be
14  candid with this Court and the litigants about how his ongoing treatment will impact
15  his availability in this matter and Defendant's ability to timely litigate this matter to
16  a resolution.

Dated: May 17, 2023

Respectfully Submitted

By: */s/ Frederic G. Ludwig, III*
Frederic G. Ludwig, III
LUDWIG, APC

Attorney for Plaintiff THE SLIDING DOOR COMPANY