| | |
|---|---|
| 1 | Frederic G. Ludwig, III (CA Bar. No. 205332) |
| 2 | eric.ludwig@ludwigiplaw.com |
|  | Andrew J. Kubik (CA Bar No. 246902) |
| 3 | andrew.kubik@ludwigiplaw.com |
| 4 | LUDWIG, APC |
|  | 12463 Rancho Bernardo Road, No. 532 |
| 5 | San Diego, California 92128 |
| 6 | Telephone: 619-929-0873 |
| 7 | Attorney for Plaintiff THE SLIDING DOOR COMPANY |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE SLIDING DOOR COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GLASS DOOR COMPANY, INC., d/b/a DOORS22, a Florida corporation,<br><br>Defendant. | Case No. 2:22-cv-07500-MCS-MAA<br><br>**THE SLIDING DOOR COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C<br>Date: June 26, 2023<br>Time: 9:00 a.m. |

Plaintiff THE SLIDING DOOR COMPANY, INC. ("Sliding Door" OR "Plaintiff") respectfully submits the following Reply Brief in Support of its Motion for Preliminary Injunction (ECF no. 53) against Defendant THE GLASS DOOR COMPANY, INC., d/b/a DOORS22 ("Doors22").

/ / /

/ / /

/ / /

/ / /

## I.   INTRODUCTION

Doors22's opposition to Sliding Door's motion for preliminary injunction provides no basis whatsoever to withhold the urgently needed equitable relief requested of this Court. Sliding Door accuses Doors22 of slavishly copying its products and selling cheap knockoff versions to unsuspecting customers, yet *nowhere* in its opposition papers does Doors22 deny such outrageous allegations. Sliding Door further accuses Doors22 of greatly expanding its marketing in recent months to the detriment of Plaintiff, thus necessitating a preliminary injunction. Doors22 does not deny this, either. Instead, Doors22 obfuscates by focusing on technical red herrings to excuse its copycat behavior. In so doing, Doors22 misrepresents the nature of prior litigation between the parties, manufacturing an argument that there was a "three" year or "seven month" delay in bringing the instant preliminary injunction motion. That is not so.

Turning to the merits, Doors22 then half-heartedly and unconvincingly contests whether Sliding Door's trade dress, which is the trade dress that *Doors22 does not deny copying*, has achieved secondary meaning in the industry. The unrefuted evidence before this Court demonstrates that it does enjoy secondary meaning. Likewise, Doors advances the perfunctory contention that there has been no confusion in the market, despite *copying exactly* Sliding Door's product in a manner to make it indistinguishable from Defendant's product. Once again, this is not so and the unrefuted evidence indicates as much.

While Defendant makes numerous allegations throughout its opposition concerning the supposed failings of Sliding Door to provide discovery, Doors22 has yet to produce any documents showing how its products are made, operated, marketed or sold. In fact, no documents are attached to the Lustig Declaration that support the construction or sale of Dorrs22's products. Doors22 has thus far failed to produce in discovery any documents of any kind showing the construction, sale, marketing or anything else concerning its copycat products. *See* Ludwig Decl., Ex.

6 (Meet and confer letter). The reason for this failure is obvious: Doors22 knows producing such discovery will reveal the full scope of its willful copying.

For these reasons and as more fully set forth in Sliding Door's moving papers, this Court should grant the pending request and preliminarily enjoin Doors22 from further sales of infringing products.

## II. FACTUAL BACKGROUND

Contrary to Doors22's assertions, supported by half-truths and distortions of fact, Sliding Door did not delay in bringing a motion for preliminary injunction. While this action was filed in October 2022, Sliding Door only recently substituted for new counsel at the end of March 2023. Dkt. ## 35, 37. New counsel acted swiftly in getting caught up on the matter, developing a strategy, and filing an amended complaint that added a claim for patent infringement on April 12, 2023. Dkt. # 40 ("FAC"). This action was then transferred from Judge Wright to Judge Scarsi and scheduled anew. Dkt. ## 41, 43, 44, 47. Doors22 only responded to the FAC on May 11, 2023. Dkt. # 48. Plaintiff filed its Motion for Preliminary Injunction ("Motion"), on May 12, 2023, only 30 days after filing the FAC. Dkt. # 53. By any measure, Sliding Door acted swiftly, with purpose and diligence in seeking injunctive relief.

### A. There Was No Three-Year Delay, As Alleged by Doors22

Doors22 wrongly points to the July 2020 action between the parties as an indication that Sliding Door supposedly knew of Doors22's trade dress and patent infringement three years ago, but did nothing to stop it. By Doors22's own evidence, it is undisputed that the July 2020 action involved not Defendant's products, but Defendant's copying of Sliding Door's photographs. See Lustig Decl, Ex. E; Hai-Ami Reply Decl. ¶¶ 9, 10. So, while it is apparent Doors22 was using Sliding Door's photographs, Plaintiff's investigation at the time revealed that Doors22 was not selling copies of Plaintiff's products. *Id*. ¶¶ 5-11. The record before this Court demonstrates it was only later, upon a discussion between Sliding Door and a customer in McKinney, Texas on September 22, 2023, followed by an inspection the

next day, that Plaintiffs learned that Defendant had built *exact replicas* of its products. Id ¶¶ 13-16.

### B. There Was No Seven-Month Delay, As Alleged by Doors22

Doors22 next claims Sliding Door waited, without cause, for seven months after the filing of the case at bar to move for preliminary injunctive relief. Such a delay, Doors22 argues, precludes equitable relief. But Doors22's contention misrepresents the nature of the irreparable harm they are causing Sliding Door; it is not just the exact copying of Plaintiff's products that necessitates the instant motion. As explained in the motion, it is the expansion of Defendant's sales channels, previously unknown to Plaintiff, and yet to be revealed in discovery (to which Defendant has thus far failed to respond), which demands equitable relief. Dkt #. 53-1 at 5:17-26 (explaining harm caused by the "substantially expanded" distribution network and the partnering "with a number of ecommerce platforms who are in direct competition with Sliding Door."); Hai-Ami Reply Decl. ¶ 18.

While Plaintiff makes much of a purported reluctance to immediately add and assert a patent claim or disclose an intent to file for a preliminary injunction, these matters are irrelevant because the undisclosed and secret sales expansion of Doors22 drives the instant motion. Simply stated, there has been no delay, only Doors22's persistent, clandestine efforts to destroy Sliding Door's business. That must stop.

### C. Defendant Does Not Articulate Any Actual Prejudice

While Doors22 pays lip service to the concept of "prejudice" in general, it does not articulate any actual prejudice. Notably, Defendant does not state what it would have done differently had it known of a forthcoming preliminary injunction motion or the identities of witnesses disclosed in the pending motion that would make a difference to its opposition. Indeed, it is worth noting that despite a two-week extension to respond, Doors22 never served a single subpoena or deposition notice. Nor does Defendant provide any facts to suggest that it was precluded from making any arguments in opposition to the motion. More still, Defendant does not identify

what discovery it would need to conduct, except to state that it would like to conduct "necessary discovery." Opp. at 12.

Likewise, the supposed failure to respond to discovery is not well taken, given that Doors22 has yet to respond to any of Sliding Door's document requests with substantive materials concerning any of its products. *See* Ludwig, Ex. 6 (Meet-and-Confer Letter). Plaintiff served Defendant with a Rule 34 request for production of documents on April 5, 2023, and Defendant's discovery responses and document production to Plaintiff were due on May 19, 2023, following a two-week extension. Defendant attempted to satisfy its document production burden by solely producing the litigation file of a prior Sliding Doors litigation matter against another third party, something not requested in any document request. Ludwig Decl. Ex. 6.

## III.   ARGUMENT

### A.   Plaintiff Has Not Unreasonably Delayed in Seeking Injunctive Relief, Defendant Articulates No Actual Prejudice

#### 1.   *There Is No Unreasonable Delay by Sliding Door*

There is no evidence of Sliding Door's delay in seeking a preliminary injunction, because the instant motion was brought within a month of amending the operative pleadings, adding a claim for patent infringement. The Ninth Circuit has explained that "delay is but a single factor to consider in evaluating irreparable injury" and that "courts are 'loath to withhold relief solely on that ground.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (quoting *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1214 (9th Cir. 1984). In addition, where there are "ongoing, worsening injuries," delay is not probative. *id*.; see also *Garcia v. Google, Inc*., 766 F.3d 929, 938 (9th Cir. 2014), on reh'g en banc, 786 F.3d 733 (9th Cir. 2015). Such is the case here, which is why this Court should grant the requested injunction.

What started with Doors22's blatant copying of Sliding Door's images, evolved into wholesale copying of Plaintiff's business, despite Defendant entering

into a stipulated judgment to stop its unlawful practices. In other words, after being caught stealing Sliding Door's intellectual property, Doors22 not only goes behind Sliding Door's back to do it again, but does so on a far more egregious scale, by infringing its trade dress and patent rights. Plaintiff has acted swiftly in response to ongoing and worsening injuries caused by Defendants increasingly aggressive marketing of its infringing door products. Hai-Ami Reply Decl. ¶¶ 13-18. In fact, Defendants admit as much citing Plaintiff's statement that "no one else 'lawfully markets or sells the same specifically designed' products" (Opp. at 4:10-11, citing Lustig Ex. F).

### 2. *Doors22 Suffers No Prejudice*

Defendant claims prejudice, without explanation, on the fact that it only learned of three witnesses and Plaintiff's intent to seek a preliminary injunction upon the filing of the properly noticed pending motion. Defendant's arguments lack merit for several reasons.

Firstly, there is no absolute right to oral testimony on a motion for preliminary injunction. "The Ninth Circuit has ruled that a district court may conduct the entirety of a preliminary injunction hearing through written testimony." *AssuredPartners of Nev., LLC v. L/P Ins. Servs., LLC*, No. 3:21-cv-00433-RCJ-CLB, 2021 U.S. Dist. LEXIS 203055, at *6-7 (D. Nev. Oct. 21, 2021) quoting *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter."); *Kenneally v. Lungren*, 967 F.2d 329, 335 (9th Cir. 1992). Therefore, Defendant cannot claim prejudice on the basis that it was not able to depose Plaintiff's witnesses in opposing Sliding Door's motion. This Court should agree.

Secondly, Defendant's cries of prejudice are merely crocodile tears. Despite knowing of the identities of the would-be prejudicial witnesses since May 12, 2023, Defendant has not served a single subpoena or deposition notice. Moreover, after

being served with moving papers, the record shows Doors22 made no effort to obtain an extension to respond on the basis of prejudice, but instead sought a two-week extension for its counsel's health issues. Dkt. ## 54,56. Defendant cannot manufacture prejudice by waiting until its opposition brief; it must take affirmative steps to mitigate. *Stanley v. Univ. of S. Cal.*, 13 F.3d at 1326; see also, *Schmidtberger v. W. Ref. Retail*, No. 2:19-cv-04300-VAP (SKx), 2021 U.S. Dist. LEXIS 210935, at *12 (C.D. Cal. Sep. 28, 2021)(no prejudice from pre-motion non-disclose of witnesses where parties "sat on their hands and waited basically until the briefing [on the motion] closed to raise these issues" and were able to respond to the testimony of the newly disclosed witnesses in their papers.). The Court should reject Defendant's hollow claims of prejudice made for the first time in its opposition brief, and reject Defendant's request for additional discovery.

### B. Sliding Door Will Suffer Irreparable Harm Without Relief

As stated above, the irreparable harm is not the infringement and copying itself, it is the increased sales channels and marketing of lower priced inferior products of Defendant which will result in decreased market share, price erosion and loss of customers. The potential to lose "newfound customers and accompanying goodwill and revenue" supports a finding of irreparable harm. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001). Here, the increased marketing and sales channels were not disclosed by Defendant, even up to the present day. Not disclosing information regarding distribution has been held to cause irreparable harm. *Microsoft Corporation v. Buy More, Inc.,* 136 F. Supp. 3d 1148, 1158 (C.D. Cal. 2015) ("Plaintiff cannot repair the harm that Defendants have caused because Defendants chose not to disclose any information regarding their distributions of purported Microsoft software.").

Here, Plaintiff and Defendant sell to the same customers, and Defendant is surreptitiously breaking into new sales channels, which cannot be compensated by money damages. *See John Mezzalingua Assoc. v. Arris Intern., Inc.,* 298 F. Supp. 2d

813, 821 (W.D. Wisc. 2003) (granting motion for preliminary injunction, "[m]oney damages are not sufficient because of the difficulty of determining not just the lost sales over the next few months before this case is resolved but determining the economic effect of breaking into new markets."); *Ferring B.V. v. Apotex, Inc.*, 3:13-cv-00595-RCJ-VPC, at *10 (D. Nev. Apr. 7, 2014) ("Ferring has shown a likelihood of irreparable harm via downward pressure on the market price and loss of goodwill that will result from the introduction into the market of an infringing product.").

### C. Sliding Door Is Likely to Succeed on the Merits

#### 1. Doors22 Is Liable for Trade Dress Infringement

Defendant does not contest that it copies, wholesale, Plaintiff's trade dress. Courts have held that intentional copying supports a finding of secondary meaning where defendants intend to confuse and pass of their products as those of plaintiff. *See Continental Lab. Products, Inc. v. Medax Intern.*, 114 F. Supp. 2d 992, 1010 (S.D. Cal. 2000) ("intentional copying supports a finding of secondary meaning only where the defendant intended to confuse consumers and pass off its product as the plaintiff's." citations omitted).

Furthermore, any claim that the Sliding Door's Asserted Trade Dress is functional or "commonplace" is wholly without merit. Contrary to the self-serving statements in the declaration of David Lustig (Dkt. #57-3), Sliding Door's Asserted Trade Dress Rights are neither functional, nor commonplace among competitors' designs. See Declaration of Tim P. Fletcher, ¶¶ 4-6, 49-87. In fact, "[t]he overall design of the Sliding Door FTS products is ornamental and not dictated by function." *Id.*, at ¶53. "Sliding Door Trade Dress is substantially similar to the overall visual appearance of the accused Doors22 products, which [Mr. Fletcher] understand[s] to be all sliding door products marketed by Defendant. The elements of the Sliding Door FTS subject to trade dress protection, discussed above, appear to be substantially present in the Doors22 products…." *Id.*, at ¶ 81. In short, Mr. Lustig is wrong. *Id.*, at ¶ 87. The Court, therefore, should conclude Sliding Door will

succeed on the merits of its trade dress claim and grant the injunction, accordingly.

### 2. Doors22 Is Liable for Patent Infringement.

Sliding Door will prevail on the merits of its patent infringement claim. There are no facts establishing intervening rights. Defendant argues that the Patent's maintenance fee should have been paid between January 19, 2017, and January 19, 2018. Opp. at 20, fn 7. Defendant then states that the required fee was paid on October 20, 2020. *Id.* at 19:27-20:2. Defendant therefore claims that the patent temporarily expired and that intervening rights are applicable under 35 U.S.C. § 41. See *Id*.

However, under 35 U.S.C. § 41(c), a late payment of a maintenance fee "shall not abridge or affect the right of any person or that person's successors in business who made, purchased, offered to sell, or used anything protected by the patent within the United States, or imported anything protected by the patent into the United States *after the 6-month grace period but prior to the acceptance of a maintenance fee…*" 35 U.S.C. § 41(c) (emphasis added). Defendant glibly states that the products now are the same as the products then, omitting any documentation of any product, any sales, or anything at all. Such conclusory statements should not be accepted. Accordingly, Plaintiff cannot factually establish that it is entitled to the intervening rights which it claims, because it has not provided any details or sales of the copycat products.

No facts establish the asserted latch configuration. Defendant's sole evidence that *any aspect* of the Defendant's products is different from Plaintiff's is as follows: "I did not copy the latch design in the '729 Patent. Instead, I have used a prior art latch configuration in Doors22's product to avoid any issue with Sliding Door regarding the '729 Patent." Lustig Decl, ECF 57-3, at ¶5. Mr. Lustig does not describe the latch as "angled" or otherwise, nor does he provide a picture of the assembly. The opposition brief *argues* the latch is "angled" and non-infringing. Opp. at 21-22. However, Defendant proffers no *evidence* in support whatsoever; neither

Mr. Lustig nor anyone else has alleged facts in support of this theory. In fact, pictures in the pending motion show the opposite - that the Doors22 latch is flat or nearly flat.



For these reasons, and as more fully articulated in Sliding Door's moving papers, the Court should similarly find that Sliding Door will succeed on the merits of its patent infringement claim and grant the injunction, accordingly.

### IV. CONCLUSION

For the foregoing reasons, the Court should order that Defendant be enjoined from selling products that infringe on Plaintiff's trade dress and patent rights.

Respectfully submitted,

Dated: June 12, 2023     By: _____
Frederic G. Ludwig, III
eric.ludwig@ludwigiplaw.com
Andrew J. Kubik
andrew.kubick@ludwigiplaw.com

LUDWIG, APC
12463 Rancho Bernardo Road, No. 532
San Diego, California 92128
Telephone: 619-929-0873
Attorneys for Plaintiff THE SLIDING DOOR COMPANY

