UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-07500-MCS-MAA**                                   Date:  September 14, 2023

Title  **The Sliding Door Company v. The Glass Door Company, Inc.**

---

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | XtR 9/13/23 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Frederic George Ludwig, III | Lauren B. Sabol |
| Andrew J Kubik | |

**Proceedings (Telephonic):**     **Informal Discovery Conference (ECF No. 81)**

Case is called.  Counsel make their appearances.

Before the Court on September 13, 2023 is the parties' second informal discovery conference, which the Court names "IDC 2."  IDC 2 was convened by the Court to address issues that arose during a previous informal discovery held on September 6, 2023.  The Court confers with the parties and they reach several agreements upon which the Court **ORDERS** as follows:

(1) The date by which the Federal Rule of Civil Procedure 30(b)(6) deposition of Plaintiff shall be as follows:
   a. The deposition regarding the IT subject matter (including discovery on discovery) remains on calendar for **September 20, 2023**;
   b. The deposition regarding the non-IT subject matters is extended from September 27, 2023 to **October 4, 2023**, or another date agreed upon by the parties.

(2) The due date for all discovery responses and supplementation ordered in the Court's September 7, 2023 order (ECF No. 76) is extended from September 15, 2023 to **September 22, 2023**.

(3) The last day by which Plaintiff shall supplement its responses to ROG Nos. 14 and 16 is **September 22, 2023**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-07500-MCS-MAA**                                          Date:  September 14, 2023

Title        **The Sliding Door Company v. The Glass Door Company, Inc.**

(4)     A separate order will issue to set an informal discovery conference to address Plaintiff's lack of clarity regarding what portion of the 2018 to 2022 sales detailed in Plaintiff's spreadsheet constitute sales of the commercial embodiment of the patent and trade dress at issue in this litigation (the "Commercial Embodiment").

(4)     The last day by which Plaintiff shall provide Defendant with spreadsheets that break down Plaintiff's customers and their geographic regions sufficient to establish Plaintiff's channels of trade for the Commercial Embodiment is **September 22, 2023**. The customer and geographic region information shall be organized by (1) commercial and residential sales ("Commercial and Residential Spreadsheet") and (2) sales made on Wayfair ("Wayfair Spreadsheet").  The Commercial and Residential Spreadsheet shall provide (1) a proxy for the customers' names[1], (2) date of sale, (3) order number, (4) memo, (5) item, (6) amount, (7) category of either commercial or residential, (8) ship-to city, and (9) ship-to state.  The Wayfair Spreadsheet shall provide (1) date of sale, (2) order number, (3) memo, (4) item description, (5) amount, (6) ship-to state, (7) Wayfair allowance, (8) early-pay discount, (9) and any other discount.

**Plaintiff is cautioned that this Order constitutes a discovery order to provide or permit discovery, such that non-compliance with this Order could subject Plaintiff to sanctions under Rule 37(b)(2)(A), including but not limited to (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey this order.**  *See* **Fed. R. Civ. P. 37(b)(2)(A).**

It is so ordered.

**Time in Court:  1:05**

---

[1] Except with respect to the customers identified in Plaintiff's responses to ROGs as forming the basis for Plaintiff's claims of lost sales and tortious interference, for which Plaintiff shall identify those customers by name.